1  JEDEDIAH WAKEFIELD (CSB NO. 178058)
   jwakefield@fenwick.com
2  555 California Street, 12th Floor
   San Francisco, California  94104
3  Telephone: (415) 875-2300
   Facsimile:  (415) 281-1350
4
   ERIN SIMON (CSB NO. 268929)
5  esimon@fenwick.com
   FENWICK & WEST LLP
6  Silicon Valley Center
   801 California Street
7  Mountain View, CA  94041
   Telephone: (650) 988-8500
8  Facsimile:  (650) 938-5200

   **E-filing**

9  Attorneys for Plaintiff
   CLOVER NETWORK, INC.
10

11             UNITED STATES DISTRICT COURT

12           NORTHERN DISTRICT OF CALIFORNIA          **JSC**

13              SAN FRANCISCO DIVISION

14

15  CLOVER NETWORK, INC., a Delaware     **C V 11   2859**
    corporation                          Case No.
16
                  Plaintiff,             **COMPLAINT FOR**
17                                       **DECLARATORY RELIEF**
       v.
18                                       **JURY TRIAL DEMANDED**
    CLOVR MEDIA, INC., a Delaware
19  corporation

20                Defendant.

21

22

23     COMES NOW, Plaintiff Clover Network, Inc., by and through its attorneys, and for its

24  Complaint for Declaratory Relief against Defendant Clovr Media, Inc., states as follows:

25                          **THE PARTIES**

26     1.    Plaintiff Clover Network, Inc. ("Clover Network") is a Delaware corporation

27  having a principal place of business at 785 Castro Street, Suite A, Mountain View, California,

28  94041.

Complaint For Declaratory Relief

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.     Upon information and belief, Defendant Clovr Media, Inc. ("Clovr Media") is a Delaware corporation having a principal place of business at 225 Franklin Street, 26th Floor, Boston, Massachusetts, 02210.  In a cease and desist letter dated May 20, 2011, counsel for Defendant Clovr Media stated that Defendant Clovr Media is the owner of certain trademark rights in the mark CLOVR and has filed an application with the United States Patent and Trademark Office to register the mark CLOVR.

## JURISDICTION

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

4.     This Court has personal jurisdiction over Defendant Clovr Media because, *inter alia*, it has purposefully directed its activities relating to the CLOVR mark, which is the subject matter of this action, into the Northern District of California.  For example, Clovr Media has asserted rights in the CLOVR mark against Plaintiff Clover Network, in the Northern District of California.  Accordingly, Defendant Clovr Media has established the requisite minimum contacts with this District, and exercise of jurisdiction would comport with traditional notions of substantial justice and fair play.

## VENUE

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Defendant Clovr Media is subject to personal jurisdiction in this judicial district, and further because a substantial part of the events and activities giving rise to Plaintiff Clover Network's claims occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

6.     Pursuant to Civil L.R. 3-2(c), this case is to be assigned on a district-wide basis because it is an intellectual property action.

## COUNT I
## DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201
## (NO TRADEMARK INFRINGEMENT)

7.     Plaintiff Clover Network incorporates each of the above paragraphs as if fully set

Complaint For Declaratory Relief                    2

1 forth herein.

2         8.      On May 20, 2011, Defendant Clovr Media, through counsel, sent a cease and

3 desist letter to Plaintiff Clover Network regarding its use of the term CLOVER. The cease and

4 desist letter is attached as Exhibit A and is incorporated herein by reference. At the outset of the

5 cease and desist letter, Defendant's counsel states

6               Please be advised that this law firm represents Clovr Media, Inc.
              ("Clovr"), www.clovrmedia.com. a company created to provide
7               advertising and marketing services. Since May 2010, Clovr has
              promoted its name and mark to prospective customers, investors
8               and partners throughout the country. Clovr launched its website in
              October, 2010, providing additional nationwide publicity for its
9               name and mark. Clovr has also filed an application with the US
              Patent and Trademark Office to register its mark CLOVR for
10              advertising and marketing services.

11         9.      The cease and desist letter alleges that Clover Network's use of CLOVER

12 constitutes "infringement" of Defendant Clovr Media's rights under federal and state law and is

13 "likely to create considerable confusion" with Defendant's name, website, and mark. Defendant

14 states that, unless Clover Network immediately complies, the "serious, far-reaching and

15 potentially quite expensive" consequences may include "damages (which may be trebled),

16 injunctive relief, costs of suit, the defendant's profits and the possibility of an assessment for the

17 plaintiff's attorneys fees." *See* Exhibit A.

18         10.     Clover Network is lawfully using the term CLOVER and the CLOVER

19 NETWORK mark and is not committing trademark infringement under federal or state law.

20         11.     Accordingly, an actual controversy exists between the parties. Clover Network

21 seeks a declaration from this Court that it is lawfully using the term CLOVER and the CLOVER

22 NETWORK mark and is not infringing Defendant Clovr Media's rights under federal or state

23 law, including any rights under the Lanham Act, 15 U.S.C. § 1501 et seq.

24 **PRAYER FOR RELIEF**

25         Accordingly, Plaintiff Clover Network requests a judgment in its favor and against

26 Defendant Clovr Media for:

27         A.      a declaration that Clover Network can lawfully use the term CLOVER and the

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Complaint For Declaratory Relief         3

1  CLOVER NETWORK mark;

2      B.    a declaration that Clover Network's use of CLOVER does not constitute

3  infringement under federal or state laws;

4      C.    Clover Network's attorneys' fees, expenses, and costs;

5      D.    any further relief pursuant to 28 U.S.C. § 2202; and

6      E.    such further relief as the Court deems just and reasonable.

7

8

9  Dated: June 10, 2011             FENWICK & WEST LLP

10

11      By _____

12          Jedediah Wakefield

13      Attorneys for Plaintiff
    CLOVER NETWORK, INC.

14      JEDEDIAH WAKEFIELD
    jwakefield@fenwick.com

15      FENWICK & WEST LLP
    555 California Street, 12th Floor

16      San Francisco, CA  94104
    Telephone:  (415) 875-2300

17      Facsimile:  (415) 281-1350

18      ERIN SIMON
    esimon@fenwick.com

19      FENWICK & WEST LLP
    Silicon Valley Center

20      801 California Street
    Mountain View, CA  94041

21      Telephone:  (650) 988-8500
    Facsimile:  (650) 938-5200

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Complaint For Declaratory Relief        4

**JURY DEMAND**

Plaintiff hereby requests a trial by jury.

Dated: June 10, 2011

Respectfully,

FENWICK & WEST LLP

By: ___Jed Wakefield___ ES

Jedediah Wakefield

Attorneys for Plaintiff
CLOVER NETWORK, INC.

JEDEDIAH WAKEFIELD
jwakefield@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

ERIN SIMON
esimon@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  (650) 988-8500
Facsimile:   (650) 938-5200

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Complaint For Declaratory Relief                              5

# EXHIBIT A



**FOLEY**
**HOAG** LLP

Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600

617 832 1000 *main*
617 832 7000 *fax*

Charles E. Weinstein
617 832 1238 *direct*
cew@foleyhoag.com

May 20, 2011

**By E-Mail and FedEx**

Michael Speiser, CEO
Clover Network, Inc.
785 Castro Street, Suite A
Mountain View, CA  94041

      Re:    Clovr Media, Inc. v. Clover Network, Inc. -- Trademark Infringement

Dear Mr. Speiser:

Please be advised that this law firm represents Clovr Media, Inc. ("Clovr"), www.clovrmedia.com, a company created to provide advertising and marketing services. Since May 2010, Clovr has promoted its name and mark to prospective customers, investors and partners throughout the country. Clovr launched its website in October, 2010, providing additional nationwide publicity for its name and mark. Clovr has also filed an application with the US Patent and Trademark Office to register its mark CLOVR for advertising and marketing services.

Clovr has learned that your company changed its name from "Kristal, Inc." to "Clover Network, Inc." on February 16, 2011, and that you plan to use this new name and mark in connection with providing advertising and marketing services. You are currently promoting your business at www.clover.com.

We think it obvious that your use of a corporate name, domain name and mark containing the term CLOVER is likely to create considerable confusion with our client's prior corporate name, domain name and mark containing the phonetically identical term CLOVR. Both companies would provide advertising and marketing services, and both companies would deal with the same potential customers and other members of the public. These parties could easily be confused by the identity of the names and marks into assuming that your company is our client, or is affiliated with our client. Press coverage and publicity relating to your company could be misattributed to our client, and vice-versa, to the potential

Michael Speiser, CEO
May 20, 2011
Page 2

detriment of both. Your continued use of CLOVER would therefore constitute infringement of our client's prior rights in CLOVR under both Federal and State law.

The consequences of this conduct are serious, far-reaching and potentially quite expensive. For example, under the US Trademark Act, the remedies for infringement consist of damages (which may be trebled), injunctive relief, costs of suit, the defendant's profits and the possibility of an assessment for the plaintiff's attorneys fees. Many of the same remedies are also available under State laws.

We must therefore insist that you immediately cease using any corporate name, domain name, mark or other commercial designation that contains the term CLOVER or anything confusingly similar to CLOVER or CLOVR.

In the hope that we may resolve this matter amicably, we look forward to receiving your response within ten days of the date of this letter.

Very truly yours,

Charles E. Weinstein

CEW:lam

B3878298.1