JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

ERIN SIMON (CSB No. 268929)
esimon@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for CLOVER NETWORK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Clover Network, Inc.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Clovr Media, Inc.,<br><br>　　　　Defendant. | Case No.: C 11-02859 JSC<br><br>**CASE MANAGEMENT CONFERENCE STATEMENT AND [~~PROPOSED~~] ORDER**<br><br>Date:　　　September 22, 2011<br>Time:　　　1:30 P.M.<br>Courtroom:　E, 15th Floor<br>Judge:　　　The Honorable<br>　　　　　　Jacqueline S. Corley |

　　　　Plaintiff Clover Network, Inc. ("Clover Network") submits this Case Management Statement and respectfully requests that the Court set a further case management conference approximately 90 days from the date of this statement. Clover Network and Defendant Clovr Media, Inc. ("Clovr Media") are engaged in settlement discussions, and to facilitate those discussions, Clover Network has thus far refrained from serving the Complaint on Clovr Media. Clover Network therefore requests the continuance of the case management conference to provide the parties with sufficient time to pursue their ongoing settlement efforts.

CLOVER NETWORK'S CASE
MANAGEMENT STATEMENT

CASE NO.: C 11-02859 JSC

## I. PARTIES

Plaintiff Clover Network, Inc. ("Clover Network") is a Delaware corporation having a principal place of business at 785 Castro Street, Suite A, Mountain View, California, 94041.

Upon information and belief, Defendant Clovr Media, Inc. ("Clovr Media") is a Delaware corporation having a principal place of business at 225 Franklin Street, 26th Floor, Boston, Massachusetts, 02210. In a cease and desist letter dated May 20, 2011, counsel for Defendant Clovr Media stated that Defendant Clovr Media is the owner of certain trademark rights in the mark CLOVR and has filed an application with the United States Patent and Trademark Office to register the mark CLOVR

## II. JURISDICTION AND SERVICE

Plaintiff Clover Network has not yet served Clovr Media.

This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, for a declaration of the parties' rights federal and state law, including the Lanham Act, 15 U.S.C. § 1501 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

Clover Network contends that this Court has personal jurisdiction over Defendant Clovr Media because, *inter alia*, it has purposefully directed its activities relating to the CLOVR mark, which is the subject matter of this action, into the Northern District of California. Among other things, Clovr Media has asserted rights in the CLOVR mark against Plaintiff Clover Network, in the Northern District of California. Accordingly, Defendant Clovr Media has established the requisite minimum contacts with this District, and exercise of jurisdiction would comport with traditional notions of substantial justice and fair play. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III. FACTS

This is a trademark infringement case. On May 20, 2011, Defendant Clovr Media, through counsel, sent a cease and desist letter to Plaintiff Clover Network regarding its use of the term CLOVER. The cease and desist letter alleged that Clover Network's use of CLOVER

constitutes "infringement" of Defendant Clovr Media's rights under federal and state law and is "likely to create considerable confusion" with Defendant's name, website, and mark. Plaintiff filed this action on June 10, 2011, seeking a declaration from this Court that it is lawfully using the term CLOVER and the CLOVER NETWORK mark and is not infringing any rights of Clovr Media.

The parties are engaged in ongoing settlement negotiations, and Clovr Media has not yet been served with process.

### IV. FACTUAL ISSUES

Clover Network is currently aware of the following factual issues presented in this case:

(1) whether the marks and names are similar in terms of sight, sound and meaning;

(2) whether Clover Network and Clovr Media promote their businesses through the same channels;

(3) whether the goods and services offered by Clover Network and Clovr Media overlap;

(4) whether Clovr Media's marks and name are strong;

(5) whether Clovr Media's marks and name are famous;

(6) whether the parties' likely zones of expansion overlap; and

(8) whether there has been actual confusion; and

(9) whether Clovr Media has suffered injury.

### V. LEGAL ISSUES

Clover Network is currently aware of the following legal issues presented in this case:

(1) whether Clover Network's use of the name and mark CLOVER NETWORK creates a likelihood of confusion with Clovr Media's marks and name;

(3) whether Clover Network's use of the name and mark CLOVER NETWORK constitutes unfair competition;

(4) whether Clover Network's use of the name and mark CLOVER NETWORK infringes any mark of Clovr Media under the Lanham Act or California Law.

Clover Network reserves the right to contest any additional factual or legal issues in the

event Clovr Media is served, enters an appearance, and raises such issues.

## VI.     MOTIONS

Clover Network filed an Administrative Motion to Consider Whether Cases Should Be Related (Dkt. No. 5), which the Court denied on August 19, 2011 (Dkt. No. 9).

## VII.    AMENDMENT OF PLEADINGS

Clover Network reserves the right to amend its complaint as it continues to investigate the dispute between the parties.

## VIII.   EVIDENCE PRESERVATION

Clover Network has taken reasonable steps to preserve evidence, including electronically stored information, as well as all relevant hard copy files.

## IX.     DISCLOSURES

As set forth above, in order to facilitate the parties' ongoing settlement discussions, Clover Network has refrained from serving Clovr Media.  Until it does so, and until Clovr Media enters an appearance, Clover Network believes it premature to set any other schedule, such as for party disclosures under Rule 26(a)(1) and other obligations under the Northern District's Local Rules, and for trial.

## X.      DISCOVERY

Neither Clover Network nor Clovr Media has served discovery requests on any parties to this action or on any other third parties.  Clover Network anticipates that the scope of discovery will cover the factual and legal issues identified above, including all related, ancillary, and subsidiary factual and legal issues and matters.

## XI.     CLASS ACTIONS

This matter is not a class action.

## XII.    RELATED CASES

As noted above, the Court found that *Clover Sites, Inc. v. Clover Network, Inc.*, Case No. C 11-03600 JSW, which is also pending in this District, is not related to the present action. Clover Network is not aware of any other related cases.

**XIII. RELIEF**

As pled in its Complaint, Clover Network seeks the following relief:

(1) a declaration that Clover Network can lawfully use the term CLOVER and the CLOVER NETWORK mark;

(2) a declaration that Clover Network's use of CLOVER does not constitute infringement under federal or state laws;

(3) Clover Network's attorneys' fees, expenses, and costs;

(4) any further relief pursuant to 28 U.S.C. § 2202; and

(5) such further relief as the Court deems just and reasonable.

**XIV. SETTLEMENT AND ADR**

With respect to ADR, the parties have not yet reached an agreement, as they are currently pursuing efforts at resolving the case outside of any formal ADR process.

**XV. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

On August 24, 2011, Clover Network filed its consent to magistrate jurisdiction for all purposes.

**XVI. OTHER REFERENCES**

Clover Network does not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XVII. NARROWING OF ISSUES**

Clover Network is not aware of any issues that can be narrowed at this time.

**XVIII. EXPEDITED SCHEDULE**

Clover Network does not believe that this case is suitable for resolution on an expedited basis with streamlined procedures.

**XIX. SCHEDULING**

As set forth above, Clover Network has not yet formally served the complaint on Clovr Media. Unless and until Clover Network serves Clovr Media and Clovr Media enters an appearance, Clover Network believes it is premature to set any other schedule, such as for party

disclosures under Rule 26(a)(1) or for trial.

## XX. TRIAL

Clover Network has requested a jury trial. Clover Network expects the trial to require 7-10 full court days.

## XXI. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On June 10, 2011, Clover Network filed its disclosure of interested parties pursuant to Civil Local Rule 3-16 certifying that there are no interested parties.

## XXII. OTHER MATTERS

None.

Dated: September 16, 2011       FENWICK & WEST LLP

By:   /s/ Jedediah Wakefield
      Jedediah Wakefield
      Attorneys for Plaintiff Clover Network, Inc.

## ~~PROPOSED~~ ORDER

Having considered the foregoing, and good cause appearing therefore,

   i.  the case management conference currently scheduled for September 22, 2011 is hereby continued to 10/20/11 at 1:30 p.m., joint CMC statement due 10/13/11.

   ii. All deadlines under Federal Rule of Civil Procedure 26, including disclosure obligations under Rule 26 (f), are continued accordingly.

**IT IS SO ORDERED.**

Dated:   September 19  , 2011       /s/ Jacqueline S. Corley
                                    The Honorable Jacqueline S. Corley
                                    United States Magistrate Judge